**WO**                                                                                              NN

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dean Martin, et al., ) | No. CV 04-0200-PHX-EHC |
| ) | |
| Plaintiffs, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Jan Brewer, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

      The Association of American Physicians and Surgeons ("AAPS"), with others, filed a complaint[1] on January 29, 2004, alleging that the Arizona Citizens Clean Elections Act ("the Act"), Arizona's system of publicly financing elections, violates its First Amendment rights. (See Dkt. 55, pp. 2-3). The Court dismissed the complaint on March 10, 2005. (Dkt. 37). AAPS appealed, but a few months before oral argument, it voluntarily terminated its political action committee ("PAC") and the Ninth Circuit ruled that it had mooted its appeal. (See Dkt. 42). AAPS filed a petition for rehearing en banc which was denied. (See Dkt. 55, p. 3). AAPS subsequently filed a Motion Requesting Vacatur of Judgment ("Motion to Vacate") (Dkt. 55). The motion is fully briefed.

---

[1] The complaint has since been amended; AAPS is no longer a party and it is the dismissal of its claim that AAPS wishes to vacate in its Motion Requesting Vacatur of Judgment.

1      AAPS argues it never intended to moot its appeal, and therefore, equity demands that
2 the Court vacate the judgment dismissing its claim. (See Dkts. 55, 65). It contends that the
3 Act infringes on its freedom of speech, and that its resulting "fear" prompted its dissolution
4 of the PAC. (Dkt. 65, p. 5). AAPS argues that its decision to dissolve the PAC exemplifies
5 the Act's chilling effect of its constitutional right to free speech.

6      When a party's appeal becomes moot, the lower court's judgment is automatically
7 vacated if the event that caused the mootness occurred "by happenstance." Dilley v. Gunn,
8 64 F.3d 1365, 1370 (9th Cir. 1995) (citing United States v. Munsingwear, 340 U.S. 36, 71
9 S.Ct. 104 (1950)); U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship, 513 U.S. 18, 25, 115
10 S.Ct. 386, 391 (1994) ("A party who seeks review of the merits of an adverse ruling, but is
11 frustrated by the vagaries of circumstance, ought not in fairness be forced to acquiesce in the
12 judgment."). However, if the appellant moots its own appeal, automatic vacatur is not
13 appropriate. Dilley, 64 F.3d at 1370 (citing Ringsby Truck Lines, Inc. v. West Conference
14 of Teamsters, 686 F.2d 720, 722 (9th Cir. 1982)). Defendants argue that AAPS unilaterally
15 mooted its own appeal by dissolving its PAC and that there is nothing to indicate a need for
16 the "extraordinary remedy" of vacatur. (Dkt. 62).

17      AAPS contends, however, that the Court has the discretion to decide whether vacatur
18 is appropriate, and that, in spite of its own hand in extinguishing its live controversy, vacatur
19 is warranted. Aside from its lack of intent, AAPS argues that vacatur will ensure that if it is
20 "ever harmed again," it will have the recourse of relitigating the issue, and it will "clear the
21 path" for the newly-added plaintiffs, Freedom Club PAC and Arizona Taxpayer Action
22 Committee, from facing the concern of issue preclusion. (Dkt. 55, p. 6).

23      "[T]he district court can decide whether to vacate its judgment in light of 'the
24 consequences and attendant hardships of dismissal or refusal to dismiss' and 'the competing
25 values of finality of judgment and right to relitigation of unreviewed disputes.'" Dilley, 64
26 F.3d at 1371 (quoting Ringsby Truck Lines, Inc. v. W. Conference of Teamsters, 686 F.2d
27 720, 722 (9th Cir. 1982)). Additionally, the district court considers the request to vacate a
28 judgment pursuant to Federal Rule of Civil Procedure 60(b). See U.S. Bancorp, 513 U.S. at

29, 115 S.Ct at 393.  With the exception of Fed. R. Civ. P. 60(b)(6)[2], the grounds for relief from a final judgment are not applicable.  <u>See</u> Fed. R. Civ. P. 60(b).

When the district court assesses "the competing values of finality of judgment and right to relitigation of unreviewed disputes," the Ninth Circuit recognized that a party's lack of intent to avoid appellate review "*may* weigh equitably in favor of vacating the order." <u>Dilley</u>, 64 F.3d at 1372, n.6 (citing <u>Blair v. Shanahan</u>, 38 F.3d 1514, 1521 (9th Cir. 1994)) (emphasis added).  The <u>Blair</u> court also observed that "[t]he constitutional nature of the question is also a consideration." 38 F.3d at 1521.  AAPS clearly presents a constitutional question, alleging its freedom of speech is violated by the Act.

To reiterate the Court's reliance on <u>Daggett v. Comm'n on Governmental Ethics and Election Practices</u> in its March 2005 Order:

> Appellants misconstrue the meaning of the First Amendment's protection of their speech.  They have no right to speak free from response - the purpose of the First Amendment is to "secure the 'widest possible dissemination of information from diverse and antagonistic sources.'"

205 F.3d 445, 464 (2000)(quoting <u>Buckley v. Valeo</u>, 424 U.S. 1, 49 (1976) (*per curiam*) (citations omitted)).  AAPS' First Amendment claim amounts to a "right" to outraise and outspend an opponent, which is not a right at all.  <u>See</u> <u>Daggett</u>, 205 F.3d at 464.  AAPS' speech is not infringed; it may raise and spend funds to support whomever and for whatever cause.

In fact, the people of Arizona have spoken.  They initiated and approved the Act "to create a clean elections system" and "encourage citizen participation in the political process." Ariz. Rev. Stat. Ann. § 16-940(A) (2008).  Although in the context of judicial precedent, the <u>U.S. Bancorp</u> court observed that the public interest must be considered "when federal courts contemplate equitable relief." 513 U.S. at 26, 115 S.Ct. at 392.  It is not in the public interest to stifle the speech of Arizonans by striking down the Act.  They voted to "promote freedom of speech" and "restore the faith of the public in the political process." (<u>See</u> Dkt. 37, p. 8

---

[2] "[A]ny other reason that justifies relief." Fed. R. Civ. P. 60(b)(6).

- 3 -

1  (citing Ariz. Rev. Stat. Ann. § 16-940(A) (2008))).  The AAPS' "fear" is unwarranted unless
2  it fears an opponent's argument and underlying rationale.
3        The Court finds AAPS' contentions unpersuasive.  Its right to free speech is not being
4  violated nor is AAPS facing any attendant hardships.[3]  "Exceptional circumstances" are not
5  present, and therefore, vacatur is not appropriate.
6        Accordingly,
7        **IT IS ORDERED** that the Motion to Vacate (Dkt. 55) is **denied.**
8        DATED this 16th day of June, 2008.

              */s/ Earl H. Carroll*
              Earl H. Carroll
              United States District Judge

---

[3] The potential of issue preclusion faced by the newly-added Plaintiffs is not the Court's concern at this juncture.

- 4 -